# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Lisa Dunham,<br><br>          Plaintiff,<br><br>v.<br><br>Redline Recovery Services, LLC,<br>and Jason Paul Coones,<br><br>          Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## <u>JURISDICTION</u>

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.     Plaintiff Lisa Dunham is a natural person who resides in the City of Lakeville, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Redline Recovery Services, LLC, (hereinafter "Defendant Redline") is a collection agency and foreign corporation operating at various locations including from an address of 11675 Rainwater Drive, Suite 350 Alpharetta, Georgia 30009, and an address of 95 John Muir Drive Amherst, New York 14228, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Jason Paul Coones (hereinafter "Defendant Coones") is a natural person who was employed at all times relevant herein by Defendant Redline as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.     In or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt with Bank of America, in the approximate amount of $5,872.00.

8.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

## *Collection Activities*

9.   Between approximately December, 17, 2009, and approximately December 28, 2009, Defendant Redline's collector, Defendant Coones, repeatedly contacted Plaintiff and others by telephone in an effort to collect this debt, each contact of which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## *Phone Message #1*

10.   On or about December 17, 2009, Defendant Coones left a message on Plaintiff's home answering machine that was a false threat of suit and referenced a default judgment in the Dakota County Clerk's Office.

11.   The message also referenced a bogus docket number.

12.   The message from Defendant Coones went on to say that if Plaintiff wanted to resolve this matter voluntarily that she must immediately contact his office at 888-475-9131 ext 4720, reference 3125705.

## *Phone Message #2*

13.   On or about December 17, 2009, Defendant Coones left a message on the answering machine of Mr. Leonard Dunham, Plaintiff's father-in-law.

14.     The message stated that it was imperative that the Defendants reach Plaintiff before filing on a docket and asking Mr. Leonard Dunham to have Plaintiff contact his office immediately to possibly resolve this matter voluntarily.

15.     This message was highly alarming and very upsetting to Plaintiff because she did not want her elderly father-in-law to know anything abut her personal financial situation and had not authorized Defendants to communicate with any third parties about this debt.

### Phone Message #3

16.     On or about December 17, 2009, Defendant Coones left a message on Plaintiff's cell phone threatening to take a default judgment against Plaintiff in Dakota County for a breach of contract against Bank of America.

### Phone Message #4

17.     On or about December 21, 2009, Defendant Coones left a message on Plaintiff's phone claiming it was in reference to U.S. Docket No. 3125705.

18.     Defendant Coones also threatened to seek a default judgment in Dakota County for breach of contract.

19.     Defendant Coones stated that this was considered a direct refusal to cooperate and that Plaintiff must sign off on the paperwork that day so that Defendants could forward the matter out to Dakota County.

20.     Defendant Coones gave 24 hours to respond.

### Phone Message #5

21.    On or about December 28, 2009, Defendant Coones left a message on Plaintiff's phone wherein Defendant Coones claimed that he was making a final courtesy call to Plaintiff before issuing a summons for a breach of contract in Dakota County.

### Phone Message #6

22.    On or about December 28, 2009, Defendant Coones left a message on Plaintiff's home phone wherein he claimed that he was giving Plaintiff verbal notification before serving her with paperwork on Dakota County Clerk's office against her for default judgment on a breach of contract.

### Phone Message #7

23.    On or about December 28, 2009, Defendant Coones left a message on Plaintiff's home phone wherein he claimed that delivery of a summons was scheduled for January 2 because the paperwork would be leaving his office on December 29.

### Illegal Collection Messages and False Threats of Suit

24.    Throughout this series of collection calls by Defendant Coones to Plaintiff and others, Defendant Coones repeatedly threatened to bring suit against Plaintiff for this debt.

25.    Defendant Coones falsely claimed that Defendants would sue Plaintiff.

26.    Despite these repeated threats of suit, Plaintiff has never been sued for this debt, nor did Defendants have the legal right or ability to commence such a suit.

27.    Defendants had neither the right nor the present ability to sue Plaintiff for this debt at the time they made these threats of litigation and suit.

28.    Plaintiff genuinely believed that Defendants would sue to collect this debt and feared being taken to court by the Defendants.

29.    Defendants are not licensed as attorneys in the state of Minnesota and their false threats of lawsuit constituted the unauthorized practice of law within this state, which were also threats to take a legal action that they did not intend to take and were not authorized to take in violation of the FDCPA.

30.    Defendants' threats of litigation and suit were false, deceptive, and harassing and designed to scare Plaintiff into paying this debt.

31.    Each of these communications from Defendants were false, deceptive, harassing and illegal communications in an attempt to collect this debt all done in violation of numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692b(1), 1692b(2), 1692b(5), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(1), 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(13), 1692e(10), 1692e(11), and 1692f, amongst others.

*Unauthorized Practice of Law*

32.     Minn. Stat. § 481.02 states in pertinent part:

**481.02 UNAUTHORIZED PRACTICE OF LAW.**

Subdivision 1. Prohibitions. **It shall be unlawful for any person or association of persons, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law,** to appear as attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity, or, **by word, sign, letter, or advertisement, to hold out as competent or qualified to give legal advice or counsel**, or to prepare legal documents, or as being engaged in advising or counseling in law or acting as attorney or counselor at law, or in furnishing to others the services of a lawyer or lawyers, or, for a fee or any consideration, to give legal advice or counsel, perform for or furnish to another legal services, or, for or without a fee or any consideration, to prepare, directly or through another, for another person, firm, or corporation, any will or testamentary disposition or instrument of trust serving purposes similar to those of a will, or, for a fee or any consideration, to prepare for another person, firm, or corporation, any other legal document, except as provided in subdivision 3.

33.     The original creditor of this debt is a foreign corporation that must be represented in civil actions by a licensed Minnesota attorney.

34.     The threat to commence litigation against a Minnesota resident in Minnesota on behalf of a foreign corporation is the practice of law and can only be done by licensed Minnesota attorneys.

35.     None of the Defendants are attorneys licensed to practice law in Minnesota.

36.  By threatening to bring suit against Plaintiff on behalf of their corporate client, Defendants have therefore engaged in the unauthorized practice of law with respect to Plaintiff in violation of Minn. Stat. § 481.02, Subd. 1, and are therefore liable for Plaintiff's actual damages, attorney's fees, and costs.

37.  It was an independently false and deceptive practice by Defendants to state, suggest or imply that they were in fact authorized to practice law within this State when they were not.

38.  Defendants' unauthorized practice of law in Minnesota was also a false and deceptive practice in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692b(1), 1692b(2), 1692b(5), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(1), 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(13), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Summary*

39.  All of the above-described collection communications made to Plaintiff by Defendant Coones and other collection employees employed by Defendant Redline, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-cited provisions amongst others.

40.    The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

41.    This series of abusive collection calls by Defendants caused Plaintiff to at times cry and made Plaintiff physically ill because of the aggressive manner in which this debt was collected by these Defendants.

42.    Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

43.    During their collection communications, Defendants and these individual debt collectors employed by Defendant Redline repeatedly failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

44.     This series of abusive collection calls by Defendant Redline and its employees pushed Plaintiff to consider bankruptcy as a way out of these abusive calls.

45.     This series of abusive collection calls by Defendant Redline and its employees pushed Plaintiff to become so stressed out that Plaintiff became physically ill as a result and Plaintiff had to leave work on at least one occasion.

46.     Defendants' disclosures of Plaintiff's indebtedness to third parties were an invasion of privacy and the right to financial privacy.

47.     Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused unnecessary personal strain in Plaintiff's spousal relationship, as well as with other family members.

### *Respondeat Superior Liability*

48.     The acts and omissions of Defendant Coones, and the other debt collectors employed as agents by Defendant Redline who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Redline.

49.     The acts and omissions by Defendant Coones and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Redline in collecting consumer debts.

50.    By committing these acts and omissions against Plaintiff, Defendant Coones and these other debt collectors were motivated to benefit their principal, Defendant Redline.

51.    Defendant Redline is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

52.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

53.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.    The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

55.    As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

56.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

57.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

58. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

59. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

60. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully contacting third parties about this debt, and thereby invaded Plaintiff's right to financial privacy.

61.   Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

62.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

63.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

64.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

65.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.     Defendants' foregoing acts as described herein in attempting to collect these alleged debts by threatening to commence suit against Plaintiff on behalf of its corporate client was the unauthorized practice of law in Minnesota.

67.     Plaintiff is therefore entitled to declaratory relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02.

68.     Plaintiff is entitled to injunctive relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02.

69.     Plaintiff is entitled to Plaintiff's attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

• for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

## COUNT III.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

- Declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Awarding Plaintiff attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 3, 2010      **BARRY & SLADE, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-1773
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra      **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF DAKOTA              )

Pursuant to 28 U.S.C. § 1746, Plaintiff Lisa Dunham, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____8_____ ___3___ , __2010__
                  Month        Day       Year

_____
        Signature

-18-